1
2
3
4
5
6

Ronald Williams
Jann Williams
258 Bonnie Claire Court
Henderson, Nevada 89074

702 270-9937



FILED            RECEIVED
ENTERED        SERVED ON
COUNSEL/PARTIES OF RECORD

SEP 1 9 2016

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY:_____ DEPUTY

7
8
9
10

# UNITED STATES DISTRICT COURT

## NEVADA DISTRICT

11
12
13
14
15
16
17
18
19
20

RONALD WILLIAMS and JANN
WILLIAMS,

   Counterclaimants,

     v.

DUKE PARTNERS, LLC

   Counterclaim
   Defendant.
_____

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. 2:16-cv-01860-GMN-NJK

COUNTER-CLAIMANTS' NOTICE OF MOTION
AND MOTION FOR ENTRY AND JUDGMENT
OF DEFAULT ON COUNTER-CLAIM
ALLEGING MALICIOUS PROSECUTION
BY WRONGFUL CIVIL PROCEEDING, ABUSE
OF THE JUDICIAL PROCESS, Request for
PUNITIVE DAMAGES.

Date: _____
Time: _____
Place: Courtroom 7

21
22
23
24
25
26
27
28

TO:   THE HONORABLE GLORIA M NAVARRO, CHIEF JUDGE OF THE UNITED

STATES DISTRICT COURT, NEVADA DISTRICT and

   Mr. John T. Steffen, Counsel-designee of Hutchison &
Steffen, the Attorney of Record for Counterclaim Defendant Duke
Partners, LLC and

   PLEASE TAKE NOTICE that on _____,

move the Court for entry of default and Judgment by Default on their Counter-claim for damages as above specified.

On August 24, 2016, Counter-claimants Ronald Williams and Jann Williams caused service of Summons and Complaint at the law offices of Hutchison & Steffen, LLC, 10080 West Alta Drive, Suite 200, Las Vegas, Nevada 89145. (Exhibit 1)

The summons specifies Counterclaim Defendant Duke Partners had twenty days from date of service of the summons on August 24, 2016 to answer the attached above titled and specified complaint. Never the less, as of September 17, 2016, the defendants have failed to answer or otherwise respond to the Complaint.

This Motion is made based on the Motion, Counter-claimants' Answer To Counter-claim Defendants Complaint for Unlawful Detainer, but also Counter-claim Defendants Federal Complaint alleging False Representation Concerning Title, Quiet Title, Fraudulent Conveyance, Intentional Infliction of Emotional District and for Illegal Foreclosure.

                                        Respectfully submitted,

Date: September 18, 2016        _____
                                Ronald Williams, in pro per

Date: September 18, 2016        _____
                                Jann Williams, in pro per

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I**

**Facts**

On **June 24, 2016** in a parking lot at the intersection of 4th Street and Charleston in the City of Las Vegas, National Default Servicing Corporation, in its stated capacity as a third party vendor hired by JP Morgan Chase Bank (Federal Complaint, paragraph 3, referring to Exhibit One, page 26 and Exhibit 2, page 27) is purported to have sold the Plaintiffs' home to herein Counter-claim defendant Duke Partners, LLC.

On **August 5, 2016,** in response to the purported sale, the Plaintiffs filed with the United States District Court a Complaint that among other causes, alleges a wrongful foreclosure. Federal Court jurisdiction was invoked under 28 U.S.C. 1331, because Defendant National Default Servicing Corporation and Duke Partners II, are foreign entities. It has been recently stated in the Case that there is no such thing as a wrongful foreclosure. The State's highest court differs. In McKnight Family, LLP v. Adept Management Services, 310 P.3d 555, 559 (2013), the Nevada Supreme Court held:

> "A wrongful foreclosure claim challenges
> the authority behind the foreclosure, not
> the foreclosure act itself". [citation omitted]

The Federal Complaint while citing and relying on N.R.S. 205.395, challenges the authority behind the foreclosure: by with specificity and exactness, repudiating each and every filing made with the Clark County Recorder to facilitate the above sale that was conducted in the parking lot on June 24, 2016 between National Default Servicing Corporation and herein Counter-claim defendant Duke Partners II. The Federal action challenges the authority as it is declared by each person defendant of the Federal action, to encumber and place liens on the Plaintiffs' property by filings each of them did or caused to be done with the Recorder for Clark County.

On August 4, 2016 by conduct commonly referred to as *"forum shopping"*, preempted under N.R.S. 4.370(g), the law offices of Hutchison & Steffens, through counsel-designee Casey J. Nelson, filed a Complaint For Unlawful Detainer with the Justice Court, Henderson Township, Clark County, Nevada. The act is characterized as forum shopping: Because the filing violates Justice Court jurisdiction mandated by subsection "(g)" of the cited N.R.S. jurisdictional statute. Because no landlord tenant relationship exists between Duke Partners II and Plaintiffs Ronald and Jann Williams. Rather, the eviction is an action that seeks to enforce a Trustee's Deed Upon Sale, alleged by the

Federal wrongful foreclosure action as having been recorded under circumstances violating N.R.S. 205.395.

On August 24, 2016 filed concurrently with their answer to the Complaint for Unlawful Detainer, Ronald Williams and Jann Williams filed and caused service of the since defaulted on Counter-claim against Duke Partners, LLC, that alleges Malicious Prosecution by wrongful civil proceeding and Abuse of Process. Punitive damages were requested – included was the request that the amount deemed appropriate by the Court. A Notice to remove the unlawful detainer action and the counterclaim was filed with the Courts (state and federal) and served on the counter-claim defendant on August 22, 2016.

Despite removal, on September 13, 2016, the Justice Court conducted a full hearing on the Unlawful Detainer Complaint in Department 2. Over the vigorous objection by herein Plaintiff and counterclaimant Ronald Williams, the Justice Court, prompted by open court arguments of Counsel Casey Nelson of behalf of the Duke Partner defendants, retained jurisdiction of the unlawful detainer action, and ordered the parties to return for a status conference on October 17, 2016. [Declaration of Ronald Williams]

On September 17, 2016 Ronald Williams and Jann Williams, who are the Plaintiffs of the instant Federal action and Counter

Claimants of the unlawful detainer action, received service by United States mail, Motion To Remand. Restating the arguments made by Counsel before the Justice Court, but without regard to NRS 4.370 "**(g)**", the Duke Counsels restate the argument now before the Honorable Federal Court of there being legal justification to remand the matter of unlawful detainer to the Justice Court.

II

Argument

A

Default By the Court On the Counter-Claim Is

Legal, Just and Provided by Law

Nevada Revised Statute section 55, the statutory spitting image of Federal Rules of Civil Procedure section 55, specifies where a party against whom a judgment for affirmative relief fails to plead or otherwise defend, and the failure is shown by affidavit or otherwise, the clerk must enter the party's default. The Plaintiffs as moving party must apply to the Court for the default judgment.

The summons for the Counter-claim, informed by the Summons for the unlawful detainer, was served at the offices of Counsel representing Duke Partners at 10080 West Alta Drive, Las Vegas, Nevada 89145. Personal service was effected on August 25, 2015,

therefore making an answer or other response due by September 14, 2015. This Motion is being made on September 17, 2016, because the cross claim defendant Duke Partners LLC has failed to defend or otherwise answer the counter-claim.

B

Given the Controversy Underlying the Unlawful

Detainer Complaint, the Justice Court Is Manifestly

Shown Not To Be the Proper Forum, Therefore,

Supporting the Default On Claim of Abuse of Process

Abuse of Process arises from one party making a malicious and deliberate misuse or perversion of regularly issued court process not justified by the underlying legal action. [Wikipedia the Free Encyclopedia) See also, *Coleman v. Gulf Insurance Group (1986) 41 Cal.3d 782, 792, 226 Cal.Rptr. 90, 718 P.2d 77)*

In addition to improper forum for disputes over law not involving a landlord and tenant, the rush to judgment by use of the apparatus of the justice court, is argued by the since default on counter-claim as purposed to circumvent the judicial process of the United States District Court, but also the administrative process under 12 U.S.C. 1821(d) et seq. and the claim the Plaintiffs have submitted to the Federal Deposit Insurance Corporation. [Federal Complaint, Exhibit 3, page 29 through 106] The proper adjudication of the claim that if

prevailed, will result in the taking of the Plaintiffs' home, transferring possessory and ownership interest from them to the Duke Partner cross claimant defendants. Here, by the filing of the unlawful detainer complaint in Justice Court, by open court arguments before that court, and by the recently filed Motion for Remand: The Duke Partner cross-claimant defendants are seeking adjudication of their claim of having acquired ownership interest in the Plaintiffs' home, by a summary proceeding suitable for disputes between landlords and tenants, thereby circumventing the process of a full trial on the merits of their claim.

Moreover, it is in the face of and contrary the court filings showing a summary proceeding as not being proper in the regular conduct of a proceeding, that the Duke Partner counter claim defendants through counsel, seek to circumvent the full trial on the merits of their claim, by a summary proceeding that constitutes unlawful detainer between landlords and tenants.

Finally, even Duke Partners prevail on the pending dismissal motion, the regular conduct of a proceedings where the issue to be decided is the ownership and possessory interest in land, is a full trial on the merits

# III

## Conclusion

The cross claim defendants are in default. The reason for the default is no doubt that it does not have a valid defense or explanation for seeking to circumvent the Federal judicial process being conducted to determine whether the foreclosure at issue was wrongful under existing law. Had Duke Partners somehow prevailed on the unlawful detainer action while the Federal Court was deciding the issue of the foreclosure, the decision would have pulled the rug from under the Federal court and its ability to enforce any judgment rendered in the Plaintiffs' favor. This is also true as it pertains to the claim made by them to the Federal Deposit Insurance Corporation. The Record shows and Duke Partners is well aware that inquiry to the F.D.I.C. as it pertains to the efficacy of the corporate assignment instrument, (Federal Complaint, Exhibit 4, page 107) if resolved in the Plaintiffs' favor, would defeat any claim JP Morgan Chase Bank held on the underlying mortgage note, therefore, the claim of ownership interest in the Plaintiffs' property.

The Court should impose severe sanctions against not only the Duke Partner counterclaim defendants, but also Counsel. Both are well aware that an unlawful detainer action is sorely not

the proper forum to secure judgment to enforce, here, a Deed of Trust Upon Sale, that if adopted, would transfer the ownership of the Plaintiffs' home, thus the right to use, possess and enjoy their property.

Another point regarding the surreply: In a spurious effort to maximize their right to defend while minimizing the Plaintiffs right to litigate, the two sets of defendants represented by two different law firms, elected to circumvent the Plaintiffs' right to respond by one law firm proceeding by the dismissal motion, while the other the reply to the Plaintiffs' opposition to the Motion. This resulted in two distinct and separate set of arguments against the Complaint, while limiting the Plaintiffs to a signal response. Ordinarily two sets of Defendants would either consolidate the dismissal motion or proceed by two separate Motions. The surreply is the Plaintiffs' prudent response to having to present opposing argument to the reply, separate and apart from the dismissal motion. It should be also noted that each Defendant entered the case by informal service but without waiver.

But when the action in the Justice Court seeking to evict is viewed with among the arguments raised in the reply by the second law firm, the ulterior motive was to terminate the Plaintiffs' status as owner of the premise, while relying on

subsection 5 of N.R.S. 205.395 that only makes owners the beneficiary of this statute. [See, page 1, paragraph 1 – Reply In Support of Duke Partners II, LLC's Motion To Dismiss With Prejudice] Counsel **John Steffen** pleading on behalf of the **Duke Partner** defendant, is **NOT** the Counsel who filed the dismissal Motion. That motion was filed by **Gregory L. Wilde** on behalf of Defendant **National Default Servicing Corporation** and the employee-defendants. Since Steffen did not oppose the Complaint, he lacked capacity to reply. Doing so was an attempt on Mr. Steffen's part to frivolously pierce the pleadings of the parties – National Default, etc. and the motion to dismiss, and the Plaintiffs' opposition.

Counsel **John Steffen's** spurious use the process for replies to preclude the Plaintiffs' right of response, while relying on the apparatus of the Justice Court: Is a litigation tactic, taken in bad faith, to remove **N.R.S. 205.395** as a statute the Plaintiffs rely in bringing the wrongful foreclosure action. It would only work however, had Counsel's effort before the Justice Court been a success. The conduct of Counsel Steffen's just described, is the obstruction of justice as prescribed under 18 U.S.C. 1503.

From the foregoing, after declaring the Defendant's default on the counterclaim to the unlawful detainer complaint,

the Court to discourage further abuses of process, should access punitive damages against the Duke Partner defendants as well as Counsel, joint and severally in the amount of Two-hundred thousand dollars, ($200,000.00) plus the Plaintiffs' costs for pursuing this action. Counsel Steffen's well thought out tactic to nullify the beneficial effect of N.R.S. 205.395, is a contempt of the judicial process that should not be tolerated by the Court.

**A footnote**: The scheme detailed above to nullify the benefit of N.R.S. 205.395 and home owners, through use of the unlawful detainer apparatus of the Justice Court for a quick eviction, is also being practiced against Ms. Geraldine Twice, a homeowner similarly situated, who is presently in Federal court. Geraldine Trice v. National Default Servicing, etc.

Respectfully submitted,

Date: Sept. 17, 2016

Ronald Williams, in pro per

Date: Sept. 17, 2016

Jann Williams, in pro per

P

R

O

P

O

S

E

D

ORDER

1  Ronald Williams
2  Jann Williams
   258 Bonnie Claire Court
3  Henderson, Nevada 89074

4  702 270-9937

5

6

7

8                    **UNITED STATES DISTRICT COURT**
9
                        **NEVADA DISTRICT**
10

11  RONALD WILLIAMS and JANN  )  **Case No. 2:16-cv-01860-GMN-NJK**
12  WILLIAMS,                  )
                               )
13                             )
                               )
14     **Counterclaimants,**   )
                               )        PROPOSED ORDER
15                             )
              **v.**           )
16                             )
17  DUKE PARTNERS, LLC         )
                               )
18     **Counterclaim**        )
       **Defendant.**          )
19                             )
                               )
20  _____)

21      Pending before the COURT is the Motion made by herein

22  Counterclaimants Ronald and Jann Williams for Entry and Judgment

23  by default against herein Counter-Claim Defendant Duke Partners

24  II, L.L.C., on the Counter-claim to the Complaint by Duke

25  Partner LLC for Unlawful Detainer. The Counter-claim alleges

26

27  Malicious Prosecution by Wrongful Use of Civil Proceeding and

28

for Abuse of Process, with request for punitive damages. For reasons specified below, the COURT GRANTS the Motion.

On August 24, 2016, Counter-claimants Ronald Williams and Jann Williams caused personal service on Counter-Claim Defendant Duke Partner LLC, a counter claim to the unlawful detainer Complaint, alleging Malicious Prosecution by wrongful civil proceeding, Abuse of the Judicial Process, along with a request for significant punitive damages. To date – September 19, 2016, the cross-claim defendant has failed to plead or otherwise defend against the counterclaim.

**a. Malicious Prosecution By Wrongful Civil Proceeding**

In order to find a person liable for wrongful civil Proceeding, the proceeding at issue must have been initiated for a purpose other than that of securing the proper adjudication of the claim on which they are based. *Dutt v. Kremp, 844 P.2d 786, 790 (Nev. Supreme CT., Dec. 31, 1992)*

When on August 4, 2016 Counsel on behalf of counter-claim defendant Duke Partners LLC selected the Henderson Township Justice Court as a forum to file the unlawful detainer action against herein counter-claimants Ronald Williams and Jann Williams, he thus the Duke Partner LLC defendant knew, had reason to know and was held to know the jurisdictional impediment subsection "(g)" of N.R.S. 4.370 posed to the

ORDER- 2

selection: That prohibits actions for the possession of lands where the relation of landlord and tenant exists, when the damages claimed do not exceed $10,000.

The Trustee's Deed Upon Sale attached too and made part of the unlawful detainer complaint shows the scope and purpose of the action was to enforce by eviction the deed upon sale that if enforced, would involuntarily transfer ownership and possessory interests of the counter-claimants home from them to herein cross claim defendant Duke Partner, L.L.C.; Not based on the claim of breach of contract by non-payment of rent, but based on the purported non-judicial foreclosure sale of the Plaintiffs' property.

This Court that had assumed jurisdiction of the Complaint by the herein cross claimants alleging among others, a wrongful foreclosure under N.R.S. 205.395, finds that the initiation of the Complaint alleging unlawful detainer, is an act/action whose ulterior purpose was to circumvent this Court's jurisdiction of the Case based on the claim of wrongful eviction, by removing as issue, the question of ownership and possessory interest of the subject property. The Case before this Court based on the claim of wrongful eviction, is so intertwined with the Case filed with the Justice Court for unlawful detainer, it cannot be dismissed with any degree of candor, the ulterior purpose of the latter

ORDER- 3

(unlawful detainer) was to circumvent the process of the former (wrongful eviction) The Court notes that while the unlawful detainer is shown as filed with the Justice Court on August 4, 2016, it was not served on the herein counterclaim plaintiffs until August 20, 2016, therefore fifteen days after this Court's jurisdiction of the wrongful eviction action.

Ordinarily, the mere filing of the unlawful detainer action in contravention of the Justice Court's jurisdictional requirements would constitute an abuse of the judicial process. However, on September 13, 2016, Counsel appeared as scheduled before the concerned Justice Court, and on or about September 16, 2016 by Motion before this Court: The Justice Court appearance and remand Motion made to this Court, renews that the unlawful detainer action be remanded to the Justice Court, despite doing so would contravened NRS 4.370(g), the jurisdictional limits of the State's Justice Court.

b. The Counter-claim Defendant's Default

N.R.S. 55 the statutory twin of Federal Rules of Civil Procedure, Rule 55 mandates where a party against whom a judgment for affirmative relief is sought, fails to plead or otherwise defend, here, within the time specified by the summons on the counter-claim to the claim of unlawful detainer, the

1  Clerk must enter the default and the Court upon motion enter a

2  judgment by default.

3      The Court finds that on August 25, 2016, herein counter

4  claim defendant Duke Partners, LLC received personal service of

5

6  the subject summons and complaint, at the office of Counsel

7  located at 10080 West Alta Drive, Suite 200, Las Vegas, Nevada

8  89145, and that service was made on a person identified as

9

10 "Bobbi" an office assistant who was authorized to receive

11 service. The summons specified that within 20 days of service, a

12 formal written response to the cross-complaint and serve a copy

13 upon the attorney - in this case cross-claimants in pro per

14 Ronald and Jann Williams, at their address, 258 Bonnie Claire

15 Court, Henderson, Nevada 89074.

16

17     The Court finds that more than 20 days have passed without

18 herein cross-claim defendant Duke Partners, LLC having filed a

19 written response with the Court. Therefore, finds cross-claim

20 Defendant Duke Partners LLC in default on the cross complaint

21

22 for damages.

23     The Court further finds the cross-claim defendants liable

24 for the since defaulted on counter-claim alleging abuse of

25 process, in that filing the unlawful detainer with the State's

26

27 Justice Court was not for the purpose of securing the proper

28 adjudication of the competing claim of right of ownership and

ORDER - 5

possessory interest in the subject property, but to use the process for unlawful detainer despite it not being proper in the regular course of judicial proceeding based on the claims. *Dutt v. Kemp, 844 P.2d 786, 790 (Dec. 1992).*

IT IS ORDERED THAT CROSS-CLAIM DEFENDANT DUKE PARTNERS II IS IN DEFAULT ON ANSWERING THE CROSS-COMPLAINT;

IT IS FURTHER ORDERED THAT THE UNLAWFUL DETAINER COMPLAINT FILED WITH THE HENDERSON TOWNSHIP JUSTICE COURT, UNDER CASE NUMBER 16CH22053 IS PREEMPTED UNDER N.R.S. 4.370(g), therefore a deliberate abuse of process.

IT IS FURTHER ORDERED DUKE PARTNERS, LLC BE LIABLE TO PLAINTIFFS RONALD WILLIAMS AND JANN WILLIAMS FOR PUNITIVE DAMAGES IN THE AMOUNT OF _____, and that Duke Partners be liable for all costs associated with this action.

IT IS SO ORDERED

GLORIA M. NAVARRO, CHIEF JUDGE
UNITED STATES DISTRICT COURT
NEVADA DISTRICT

ORDER-6

## PROOF OF SERVICE BY MAIL

I Ronald Williams declare:

On September 19, 2016, I served Counter-Claimants' Notice of Motion and Motion for entry and judgment by default on counterclaim to a complaint for unlawful detainer, the counterclaim alleging malicious prosecution, wrongful civil proceeding, abuse of the judicial process, with request for punitive sanctions and Proposed Order;

By placing the aforesaid in an envelope and mailing it first class postage prepaid to the following persons and locations:

**1)** Mr. Gregory L. Wilde: **Counsel of Record for National Default Servicing Corporation, Michael A. Bosco, Wendy Van Lauren and Carmen Navejas;**

212 South Jones Blvd.
Las Vegas, Nevada 89107; **and,**

**2)** Mr. John T. Steffen: **Counsel of Record For Duke Partners II, LLC**

10080 West Alta Drive, Suite 200
Las Vegas, Nevada 89145.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 19th day of September 2016, City of Henderson, County of Clark, State of Nevada.

_Ronald Williams_
**Declarant**