UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| RONALD WILLIAMS, JANN WILLIAMS, ) <br> ) <br> Plaintiffs, ) <br> vs. ) <br> ) <br> NATIONAL DEFAULT SERVICING CORP. ) <br> *et al.*, ) <br> ) <br> Defendants. ) <br> ) | Case No.: 2:16-cv-1860-GMN-NJK <br><br> **ORDER** |

Pending before the Court is a Motion for Preliminary Injunction (ECF No. 48) filed by pro se Plaintiffs Ronald and Jann Williams ("Plaintiffs")[1] against Defendants National Default Servicing Corporation, Duke Partners II, LLC, Michael A Bosco, Wendy Van Luven, and Carmen Navejas (collectively, "Defendants").

I.   **BACKGROUND**

This action arises out of the foreclosure sale of real property located at 258 Bonnie Claire Court, Henderson, Nevada 89074 (the "Property"). (Compl. ¶ 17, ECF No. 1). Plaintiffs' Complaint alleges the following three causes of action: (1) "False Representation concerning Title and Fraudulent Foreclosure,"; (2) Quiet Title; and (3) Intentional Infliction of Emotional Distress. (*Id.* ¶¶ 18–31).[2]  Concurrent with this case, the parties also have an

---

[1] In light of Plaintiffs' status as pro se litigants, the Court has liberally construed their filings, holding them to standards less stringent than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

[2] It appears that Plaintiffs may believe that they have also removed the Unlawful Detainer Action from Justice Court to this Court. (*See* Pls.' Mot. for Prelim. Inj. 5:21–25, ECF No. 48) ("The arrogant disregard of the judicial process is manifested by the effort to resolve the unlawful detainer matter before the Justice Court, while, at the same time, the motions to do the same thing are pending before this Court."); (*see also* Not. re: County Court action, ECF No. 5).  If so, then such a belief is mistaken.  Proper removal requires the filing of a Petition for

Page 1 of 4

Unlawful Detainer Action pending in Justice Court. (Pls.' Mot. for Prelim. Inj. 9:7–13, ECF No. 48).   Plaintiffs' Motion for Preliminary Injunction includes an exhibit entitled Notice of Continued Hearing regarding an "Order to Show Cause Why a Temporary Writ of Restitution Should Not Be Granted" set for November 9, 2016, in Las Vegas Justice Court. (Ex. 1 to Pls.' Mot. for Prelim. Inj. at 13).  In the instant Motion, Plaintiffs ask this Court to issue an order "enjoining jurisdiction of the Justice Court on the Case brought by the defendant for unlawful detainer . . . including vacating the hearing on the Order to Show Case [sic] set for November 9, 2016." (Pls.' Mot. for Prelim. Inj. 9:7–13).

## II.  **LEGAL STANDARD**

Preliminary injunction orders are governed by Rule 65 of the Federal Rules of Civil Procedure, which provides that a "court may issue a preliminary injunction only on notice to the adverse party." Fed. R. Civ. P. 65(a)(1).

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).  Injunctive relief is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Id*. at 22.  "[C]ourts must balance the competing claims of injury and

---

Removal in the United States District Court, not merely a notice in a different case that is already proceeding in the United States District Court.
   Further, it is likely that even if Plaintiffs followed the proper procedure for removal of the Unlawful Detainer Action, subject matter jurisdiction would not be met.  Federal courts are courts of limited jurisdiction, possessing only those powers granted by the Constitution and by statute. *See United States v. Marks*, 530 F.3d 799, 810 (9th Cir. 2008).  For this reason, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).  Among other cases, the district courts of the United States have original jurisdiction of civil actions where there is diversity of citizenship between the parties and the amount in controversy, exclusive of interest and costs, exceeds $75,000. 28 U.S.C. § 1332(a).  Here, the Unlawful Detainer Action would not likely meet the amount in controversy requirement of $75,000. *See U.S. Bank, N.A. v. Wasiak*, Case No. 2:11-cv-1380-ECR-CWH, 2012 WL 1231924, at *1 (D. Nev. Apr. 12, 2012).  Accordingly, the Court will consider only the claims alleged in the Complaint (ECF No. 1).

must consider the effect on each party of the granting or withholding of the requested relief." *Id.* at 24 (internal quotation marks omitted). "In deciding a motion for a preliminary injunction, the district court 'is not bound to decide doubtful and difficult questions of law or disputed questions of fact.'" *Int'l Molders' & Allied Workers' Local Union No. 164 v. Nelson*, 799 F.2d 547, 551 (9th Cir. 1986) (quoting *Dymo Indus., Inc. v. Tapeprinter, Inc.*, 326 F.2d 141, 143 (9th Cir. 1964)).

"The urgency of obtaining a preliminary injunction necessitates a prompt determination and makes it difficult to obtain affidavits from persons who would be competent to testify at trial." *Flynt Distrib. Co., Inc. v. Harvey*, 734 F.2d 1389, 1394 (9th Cir. 1984). "The trial court may give even inadmissible evidence some weight, when to do so serves the purpose of preventing irreparable harm before trial." *Id.*

## III. DISCUSSION

The Anti-Injunction Act prohibits a "court of the United States" from granting "an injunction to stay proceedings in a State court." 28 U.S.C. § 2283. The statute further provides three limited exceptions to its prohibition: (1) where "expressly authorized by Act of Congress"; (2) "where necessary in aid of its jurisdiction"; or (3) "to protect or effectuate its judgments." *Id.* Furthermore, "[i]t is settled that the prohibition of § 2283 cannot be evaded by addressing the order to the parties or prohibiting utilization of the results of a completed state proceeding." *Atl. Coast Line R. Co. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 287 (1970).

The exceptions to the Anti-Injunction Act are narrowly construed and "doubts as to the propriety of a federal injunction against a state court proceeding should be resolved in favor of permitting the state action to proceed." *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987). "The general rule under the 'necessary in aid of its jurisdiction' exception is that where state and federal courts have concurrent jurisdiction over a case, neither court may prevent the parties from simultaneously pursuing claims in both courts." *Id.* at 740. The exception does not

apply unless injunctive relief is "necessary to prevent a state court from so interfering with a federal court's consideration or disposition of a case as to seriously impair the federal court's flexibility and authority to decide that case." *Atl. Coast Line R. Co.*, 398 U.S. at 295.  "The mere existence of a parallel action in state court does not rise to the level of interference with federal jurisdiction necessary to permit injunctive relief under . . . [an] exception." *Lou*, 834 F.2d at 740.

Here, Plaintiffs specifically seek to enjoin the Unlawful Detainer Action currently underway in the Las Vegas Justice Court.  Thus, the requested relief is barred by the Anti-Injunction Act's prohibition against enjoining "proceedings in State court."  The Court does not find any exception to the Anti-Injunction Act that is applicable to this case.  Accordingly, the Court must deny Plaintiffs' Motion for Preliminary Injunction.

IV.     **CONCLUSION**

**IT IS HEREBY ORDERED** that Plaintiffs' Motion Preliminary Injunction (ECF No. 48) is **DENIED**.

**DATED** this  27  day of October, 2016.

_____
Gloria M. Navarro, Chief Judge
United States District Court