UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| RONALD WILLIAMS, JANN WILLIAMS, ) <br> ) <br>                Plaintiffs, ) <br>   vs.                            ) <br>                                  ) <br> NATIONAL DEFAULT SERVICING CORP. ) <br> *et al.*,                             ) <br>                                ) <br>                Defendants. ) <br>                                ) | Case No.: 2:16-cv-1860-GMN-NJK <br><br> **ORDER** |

      Pending before the Court is an Ex Parte Motion for Restraining Order (ECF No. 69) filed by pro se Plaintiffs Ronald and Jann Williams ("Plaintiffs")[1] against Defendants National Default Servicing Corporation, Duke Partners II, LLC, Michael A Bosco, Wendy Van Luven, and Carmen Navejas (collectively, "Defendants").

      Concurrent with this case, the parties also have an Unlawful Detainer Action in Justice Court. (Pls.' Mot. for Prelim. Inj. 9:7–13, ECF No. 48). On October 25, 2016, Plaintiffs filed a Motion for Preliminary Injunction requesting that the Court issue an order "enjoining jurisdiction of the Justice Court on the Case brought by the defendant for unlawful detainer . . . including vacating the hearing on the Order to Show Case [sic] set for November 9, 2016." (*Id.* 9:7–13). On October 27, 2016, the Court denied Plaintiffs' motion explaining that the Anti-Injunction Act prohibits a "court of the United States" from granting "an injunction to stay proceedings in a State court." 28 U.S.C. § 2283. As such, the Court found that the requested relief of enjoining the Unlawful Detainer Action currently underway in the Las Vegas Justice

---

[1] In light of Plaintiffs' status as pro se litigants, the Court has liberally construed their filings, holding them to standards less stringent than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Court "is barred by the Anti-Injunction Act's prohibition against enjoining 'proceedings in State court.'" (Order on Prelim. Inj. 4:8–9, ECF No. 52).

Plaintiffs' instant motion asks this Court to enjoin the enforcement of the "Temporary Writ of Restitution" issued by the Las Vegas Justice Court. (Mot. Restraining Order 1:25–27, ECF No. 69).  As explained in the Court's previous Order, "It is settled that the prohibition of § 2283 cannot be evaded by . . . prohibiting utilization of the results of a completed state proceeding." *Atl. Coast Line R. Co. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 287 (1970). In other words, "the term 'proceedings' in the Anti–Injunction Act does not merely apply to ongoing litigation before a state tribunal—the Act also bars injunctive relief which prevents a victorious state litigant from executing a state judgment." *Pelfresne v. Vill. of Williams Bay*, 865 F.2d 877, 879 (7th Cir. 1989).  As such, here, even though the Justice Court proceeding has concluded with a "Temporary Writ of Restitution," this Court cannot interfere with the enforcement of the Justice Court's Order.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Restraining Order (ECF No. 69) is **DENIED**.

**DATED** this  23   day of November, 2016.

_____
Gloria M. Navarro, Chief Judge
United States District Court