1

2

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

3

4

RONALD WILLIAMS, JANN WILLIAMS,　　)

　　　　　　　　　　　　　　　　　　　)

5

　　　　　　　Plaintiffs,　　　　　　)　　　　Case No.: 2:16-cv-1860-GMN-NJK

　　　vs.　　　　　　　　　　　　　　)

6

　　　　　　　　　　　　　　　　　　　)　　　　　　　　**ORDER**

NATIONAL DEFAULT SERVICING CORP.　)

7

*et al.*,　　　　　　　　　　　　　　)

　　　　　　　　　　　　　　　　　　　)

8

　　　　　　　Defendants.　　　　　　)

　　　　　　　　　　　　　　　　　　　)

9

_____)

10

11

　　　　Pending before the Court are two Motions to Dismiss (ECF Nos. 12, 14), one filed by

12

Defendants National Default Servicing Corporation ("NDSC"), Michael A Bosco, Wendy Van

13

Luven, and Carmen Navejas (collectively, "NDSC Defendants"), and one filed by Duke

14

Partners II, LLC ("Duke Partners") (NDSC Defendants and Duke Partners collectively,

15

"Defendants").  Also pending before the Court are many motions filed by pro se Plaintiffs

16

Ronald and Jann Williams ("Plaintiffs").[1] (*See* ECF Nos. 35, 39, 55, 56, 72).[2]  Duke Partners

17

has also filed a Motion for Sanctions (ECF No. 42) and Motion for Finding of Vexatious

18

Litigants (ECF No. 60).  All of these motions are fully briefed.[3]

19

_____

20

[1] In light of Plaintiffs' status as pro se litigants, the Court has liberally construed their filings, holding them to standards less stringent than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

21

[2] Included in these motions are Plaintiffs' Motions to Reconsider (ECF Nos. 56, 72) the Court's Orders (ECF Nos. 52, 70).  "[A] motion for reconsideration should not be granted, absent highly unusual circumstances."

22

*Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (citation omitted).  Reconsideration is appropriate where: (1) the court is presented with newly discovered evidence, (2) the court committed clear error or the initial

23

decision was manifestly unjust, or (3) if there is an intervening change in controlling law. *School Dist. No. 1J, Multnomah Cty. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).  Having reviewed both Motions, the Court

24

finds that Plaintiffs have not provided any basis for reconsideration; rather, they merely reiterate their prior arguments.  Accordingly, the Court denies Plaintiffs' Motions to Reconsider.

25

[3] The docket in this case includes other related pending motions, too, such as Plaintiffs' Motion for Leave to File Sur-Reply (ECF No. 20) and Motion to Extend Time (ECF No. 27), and Duke Partners' Motions to Strike

Also pending before the Court is Duke Partners' Emergency Ex Parte Motion for Temporary Restraining Order ("TRO"). (ECF No. 75).

## I.   **BACKGROUND**

 This action arises out of the foreclosure sale of real property located at 258 Bonnie Claire Court, Henderson, Nevada 89074 (the "Property"). (Compl. ¶ 17, ECF No. 1).  On October 25, 2005, Plaintiffs[4] obtained a loan in the amount of $332,500.00 from Washington Mutual Bank, FA ("WMB") that was secured by a Deed of Trust on the Property. (Deed of Trust, Ex. 2 to Duke Partners MTD, ECF No. 14-2).[5]  The Deed of Trust named WMB as the beneficiary and California Reconveyance Company as the trustee. (*Id.*).  On May 2, 2006, Plaintiffs obtained a Home Equity Line of Credit in the amount of $47,344.75 from GE Money Bank, also secured by a Deed of Trust on the Property. (Second Deed of Trust, Ex. 3 to Duke Partners MTD, ECF No. 14-3).

On October 22, 2009, California Reconveyance Company Recorded a Notice of Default and Election to Sell. (Ex. 5 to Duke Partners MTD, ECF No. 14-5).  Plaintiffs participated in the Nevada Foreclosure Mediation Program and entered into an agreement to modify their loan, but Plaintiffs subsequently rescinded the agreement. (Ex. 6–7 to Duke Partners MTD, ECF No. 14-6–14-7).  On January 15, 2010, Plaintiffs filed a Verified Petition for Judicial Review by the Eight Judicial District Court for Clark Count, Nevada ("Nevada State Court"), which upheld

---

Plaintiffs' filings (*see* ECF Nos. 25, 64).  To the extent that any of these motions relate to the parties' concurrent Unlawful Detainer Action in Justice Court, any such motion is denied because that action is not currently pending before this Court. (*See* Order on Prelim. Inj. at 1 n.2, ECF No. 52).  As the Court has already explained, it will not intercede in the parties' Justice Court action. (*See id.*); (Order on Ex Parte Mot., ECF No. 70).
[4] Originally, only Ronald Williams was on the loan. (Deed of Trust, Ex. 2 to Duke Partners MTD, ECF No. 14-2).  However, on January 26, 2007, Ronald Williams recorded a Grant, Bargain, and Sale Deed that conveyed the Property to himself and Jann Williams as joint tenants. (Ex. 4 to Duke Partners MTD, ECF No. 14-4).
[5] The Court may take judicial notice of the publicly recorded documents attached to the Motions to Dismiss, which are all recorded in the Clark County Recorder's office. *See also Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986) (recognizing judicial notice of publicly recorded documents).  While some of the documents are also attached to the Complaint, NDSC's Motion to Dismiss, and other filed documents, the Court will cite to Duke Partners' Motion to Dismiss, which sets the documents out in the clearest manner. (*See* ECF No. 14).

the Foreclosure Mediation and allowed the foreclosure to proceed. (Ex. 8–9 to Duke Partners MTD, ECF No. 14-8–14-9).  Plaintiffs then filed a Petition for Writ of Mandamus with the Nevada Supreme Court, which was denied on May 7, 2010, on the procedural grounds that Plaintiffs should have filed an appeal, not a Petition for Writ of Mandamus. (Ex. 10–11 to Duke Partners MTD, ECF No. 14:10–14-11).

On January 27, 2010, Plaintiffs filed a Complaint in this Court against JPMorgan Chase Bank, N.A. ("Chase"), among other defendants, alleging claims for violation of the Fair Debt Collection Practices Act under 15 U.S.C. § 1692a (the "FDCPA"), fraudulent misrepresentation and failure to disclose, and unjust enrichment. (*See Williams v. JPMorgan Chase Bank*, N.A., Case No. 2:10-cv-0118-PMP-PAL (D. Nev. 2010)).  On April 5, 2010, the Court dismissed Plaintiffs' case for failure to state a claim, explaining that Plaintiffs' allegations failed to demonstrate that defendants were debt collectors under the FDCPA, and "it appears [on] the face of the Complaint that the [defendants] are simply pursuing recovery of monies under an express written contract." (Order, *Williams*, Case No. 2:10-cv-0118-PMP-PAL (D. Nev. April 5, 2010), ECF No. 44).  On November 2, 2011, this Order was affirmed by the Ninth Circuit. (*See* Memorandum of USCA, Ninth Circuit, *Williams*, Case No. 2:10-cv-0118-PMP-PAL (D. Nev. November 2, 2011), ECF No. 69).

On September 26, 2012, a Substitution of Trustee was recorded on the Property, making NDSC the new Trustee. (Ex. 15 to Duke Partners MTD, ECF No. 14-15).  On February 11, 2014, NDSC filed a Notice of Rescission of Notice of Default and Election to Sell. (Ex. 16 to Duke Partners MTD, ECF No. 14-16).  On June 9, 2014, the Federal Deposit Insurance Corporation ("FDIC") as Receiver for WMB recorded a Corporate Assignment of Deed of Trust on the Property, assigning the beneficiary interest in the Deed of Trust to Chase. (Ex. 17 to Duke Partners MTD, ECF No. 14-17).  According to the Assignment, the transfer of beneficiary interest to Chase actually occurred on September 25, 2008. (*Id.*).  On July 8, 2014,

1    NDSC recorded a new Notice of Default and Election to Sell. (Ex. 18 to Duke Partners MTD,

2    ECF No. 14-18).

3         On March 18, 2015, after participating again in the Nevada Foreclosure Mediation

4    Program, Plaintiffs filed another Verified Petition for Judicial Review in Nevada State Court of

5    this second Foreclosure Mediation. (Ex. 20 to Duke Partners MTD, ECF No. 14-20).  In their

6    Petition, Plaintiffs asserted that Chase "is not the owner of [Plaintiffs'] mortgage note." (*Id.* at

7    4:1).  On October 23, 2015, the Nevada State Court denied Plaintiffs' Petition, instead finding

8    that Chase "is the current beneficiary under the deed of trust securing the promissory note

9    evidencing [Plaintiffs'] loan" and "has the authority to enforce the promissory note" on

10   Plaintiffs' loan. (Order 4:9–14, *Williams v. JPMorgan Chase Bank*, Case No. A-15-715441-J

11   (Nev. 8th Jud. Dist. Ct. Oct. 21, 2015); (*see also* Ex. 21 to Duke Partners MTD, ECF No. 14-

12   21).  The Nevada State Court also ordered that a "Foreclosure Mediation Program Certificate

13   shall issue with respect to the [Plaintiffs'] property." (Order 5:3–6).  The Foreclosure Mediation

14   Program Certificate was recorded on February 4, 2016. (Ex. 22 to Duke Partners MTD, ECF

15   No. 14-22).

16        On May 31, 2016, NDSC recorded a Notice of Trustee's Sale, providing notice to

17   Plaintiffs that the Property would be sold on June 24, 2016. (Ex. 23 to Duke Partners MTD,

18   ECF No. 14-23).  On July 8, 2016, NDSC recorded a Trustee's Deed upon Sale conveying the

19   Property to Duke Partners, the highest bidder at the June 24, 2006 foreclosure sale, for

20   $219,200.00. (Ex. 24 to Duke Partners MTD, ECF No. 14-24).

21        On August 5, 2016, Plaintiffs filed the instant Complaint alleging the following three

22   causes of action: (1) "False Representation concerning Title and Fraudulent Foreclosure";

23   (2) Quiet Title; and (3) Intentional Infliction of Emotional Distress. (*Id.* ¶¶ 18–31).

24

25

## II.   <u>LEGAL STANDARD</u>

Federal Rule of Civil Procedure ("Rule") 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. *See North Star Int'l. v. Ariz. Corp. Comm'n.*, 720 F.2d 578, 581 (9th Cir. 1983).  When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  In considering whether the complaint is sufficient to state a claim, the Court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).

The Court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation is *plausible*, not just possible. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 555) (emphasis added).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion . . .  However, material which is properly submitted as part of the complaint may be considered" on a motion to dismiss. *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citations omitted).  Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994).  Under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay*

*Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986).  The Court need not accept as true those allegations that contradict facts properly subject to judicial notice. *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000).

If the court grants a motion to dismiss for failure to state a claim, leave to amend should be granted unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).  Pursuant to Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

## III.   DISCUSSION

### A.  Motions to Dismiss

Defendants assert, *inter alia*, that Plaintiffs' current claims are barred by res judicata or collateral estoppel, and otherwise fail to state a claim and should be dismissed under Rule 12(b)(6). (*See* NDSC MTD 8:2–12:17, ECF No. 12); (Duke Partners MTD 14:21–16:6, 17:3–20:5, ECF No. 14).

Res judicata is an umbrella term that often refers to the concept that a party cannot relitigate a cause of action or issue that has already been determined by a court. *Executive Mgmt., Ltd. v. Ticor Title Ins. Co.*, 963 P.2d 465, 473 (Nev. 1998).  The general rule is that federal courts must give the "same preclusive effect to state court judgments that those judgments would be given in the courts of the State from which the judgments emerged." *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984) (quoting *Kremer v. Chem. Constr. Corp.*, 456 U.S. 461, 466 (1982)).  Federal courts must apply the res judicata rules of the court that rendered the underlying judgment. *See id.* at 81–82.

"Claim preclusion," *i.e.*, res judicata, and "issue preclusion," *i.e.*, collateral estoppel, are two subspecies of that rule. *Executive Mgmt., Ltd.*, 963 P.2d at 473.  Under Nevada law, three basic elements are required for both doctrines:

> (1) the issue decided in the prior litigation must be identical to the issue presented in the current action; (2) the initial ruling must have been on the merits and have become final; and (3) the party against whom the judgment is asserted must have been a party or in privity with a party to the prior litigation.

*Id.*; *accord Univ. of Nev. v. Tarkanian*, 879 P.2d 1180, 1191 (Nev. 1994); Restatement (Second) Judgments § 123 (1995).  Whether the prior and current litigation constitute "identical causes of action" under Nevada law means "whether the sets of facts essential to maintain the two suits are the same." *Clements v. Airport Auth. of Washoe County*, 69 F.3d 321, 328 (9th Cir. 1995) (citing *Tomiyasu v. Golden,* 400 P.2d 415 (Nev. 1965)).

Claim preclusion "embraces all grounds of recovery that were asserted in a suit, as well as those that could have been asserted." *Tarkanian,* 879 P.2d at 1191.  Issue preclusion, however, has an additional element—the issue in question must have been "actually and necessarily litigated" in the previous case. *Executive Mgmt., Ltd.*, 963 P.2d at 473.  An issue is necessarily and actually litigated if the "court in the prior action addressed and decided the same underlying factual issues." *Kahn v. Morse & Mowbray*, 117 P.3d 227, 235 (Nev. 2005) (citing *LaForge v. State, Univ. & Cmty. Coll. Sys. of Nev.*, 997 P.2d 130, 134 (Nev. 2000)).

Plaintiffs' first claim, false representation concerning title and fraudulent foreclosure under N.R.S. 205.395, argues that the assignment of the beneficiary interest in the deed of trust to Chase was fraudulent. (*See* Compl. 16:12–17:18).  The identical issue of Chase's interest was "actually and necessarily litigated" and decided by the October 23, 2015 Nevada State Court Order that found: "[Chase] is the current beneficiary under the deed of trust securing the promissory note evidencing [Plaintiffs'] loan" and "has the authority to enforce the promissory

note" on Plaintiffs' loan. (Order 4:9–14, *Williams v. JPMorgan Chase Bank*, Case No. A-15-715441-J (Nev. 8th Jud. Dist. Ct. Oct. 21, 2015).[6]  This Order was a final ruling on the merits against Plaintiffs.  Accordingly, issue preclusion bars Plaintiffs' first cause of action, which therefore must be dismissed with prejudice.

As to Plaintiffs' second cause of action for quiet title, under Nevada law, a quiet title action may be brought by someone who claims an adverse interest in property. N.R.S. § 40.010. "In a quiet title action, the burden of proof rests with the plaintiff to prove good title in himself." *Breliant v. Preferred Equities Corp.*, 918 P.2d 314, 318 (Nev. 1996).  Specifically, when an adverse claim exists, the party seeking to have another party's right to property extinguished, must overcome the "presumption in favor of the record titleholder." *Id.* (citing *Biasi v. Leavitt*, 692 P.2d 1301, 1304 (Nev. 1985).  Courts within this district have repeatedly held that a plaintiff who has not discharged the debt owed on the mortgage cannot quiet title. *See Fuleihan v. Wells Fargo*, No. 2:09-cv-1877-RCJ-PAL, 2010 WL 3724186 at *5 (D. Nev. Sept. 15, 2010) (a borrower cannot quiet title to a property without discharging any debt owed); *Harold v. One West Bank*, No. 2:10-cv-2204-KJD-GWF, 2011 WL 4543998, at *3 (D. Nev. Sept. 29, 2011).  Plaintiffs do not allege that they have discharged the debt owed.[7] Accordingly, Defendants' Motion to Dismiss must be granted as to this claim.  While the Court should "freely give" leave to amend, the Court finds that here, because the Nevada State Court

---

[6] NDSC was not a party to the Nevada State Court Action.  However, to the extent that Plaintiffs' also assert fraud by NDSC in the substitution of trustee (Compl. 15:18–22), such an assertion is not supported by any plausible factual allegations in the Complaint.  NSDC filed the Notice of Default on behalf of Chase, who the Nevada State Court determined was the proper beneficiary of the deed of trust to the Property.  Further, Plaintiffs' conclusory allegations that the substitution was "groundless and . . . invalid" (Compl. 15:13–22) are belied by the recorded document "Substitution of Trustee." (*See* Ex. 15 to Duke Partners MTD, ECF No. 14-15); *see also Shwarz*, 234 F.3d at 435 ("The Court need not accept as true those allegations that contradict facts properly subject to judicial notice.").  As such, any fraud claims against NSDC necessary fail and cannot be cured by amendment.

[7] In fact, Duke Partners asserts in its Motion to Dismiss that "Plaintiffs have not made a mortgage payment since at least sometime in 2009." (Duke Partners MTD 19:7–9.)  Plaintiffs do not address this assertion in their Response. (*See* Pls.' Resp. to MTDs, ECF No. 17).

Order found that Chase was the current beneficiary of the deed of trust and allowed the foreclosure to proceed, the deficiencies of the complaint cannot be cured by amendment. *See DeSoto*, 957 F.2d at 658.

Lastly, Plaintiffs' final claim for intentional infliction of emotional distress must necessarily fail based on the Nevada State Court Order.  The Nevada State Court Order's finding that Chase has the authority to enforce the promissory note and is the current beneficiary clearly refutes Plaintiffs' claim that Chase (or any Defendants herein, as they are related to Chase) used "devious highly aggressive tactics" with a "wanton, callous disregard of the Plaintiffs' property rights manifested by a devious unrelenting scheme carried out over a number of years." (Compl. 22:3–11); *see also Shwarz*, 234 F.3d at 435.  As such, the Court finds that amendment would be futile, and this claim is dismissed with prejudice.

Accordingly, the Court grants Defendants' Motions to Dismiss as to all claims with prejudice.

### B.  Vexatious Litigants

Duke Partners additionally seeks to have Plaintiffs labeled as "vexatious litigants" because they "have already had their day in court[,] . . . [they] have litigated and relitigated their claims, and are now simply using the Court to harass and delay [D]efendants." (Mot. Vexatious Litigants 24:16–19, ECF No. 60).

The All Writs Act, 28 U.S.C. § 1651(a), empowers federal district courts to enjoin vexatious litigants who have a history of abusing the court's limited resources. *De Long v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990).  Under the All Writs Act, a district court can order a person with lengthy histories of abusive litigation—a vexatious litigant—to obtain leave of the court before filing any future lawsuits. *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007).

"Flagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants." *De Long*, 912 F.2d at 1148.  However, the Ninth Circuit has cautioned the district courts by recognizing that vexatious litigant orders are an extreme remedy, and should rarely be entered. *De Long*, 912 F.2d at 1148 (citing *Wood v. Santa Barbara Chamber of Commerce, Inc.*, 705 F.2d 1515, 1523–26 (9th Cir. 1984)).  This is because such an order restricts access to the courts—the litigant's "final safeguard for vitally important constitutional rights." *Wood*, 705 F.2d at 1525.  "An injunction cannot issue merely upon a showing of litigiousness.  The plaintiff's claims must not only be numerous, but also be patently without merit." *Moy v. United States*, 906 F.2d 467, 470 (9th Cir. 1990).

In deciding whether or not to restrict a litigant's access to the courts, "[u]ltimately, the question the court must answer is whether a litigant who has a history of vexatious litigation is likely to continue to abuse the judicial process and harass other parties." *Molski v. Mandarin Touch Rest.*, 347 F.Supp.2d 860, 863–64 (C.D. Cal. 2004) (quoting *Safir v. United States Lines, Inc.*, 792 F.2d 19, 23 (2nd Cir. 1986).  In doing so, the court should examine five factors: (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing, or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, *e.g.,* does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties. *Id.* at 864.

In their Motion, Duke Partners details the lengthy litigation process pursued by Plaintiffs with regard to the Property, including two Petitions for Judicial Review of Foreclosure Mediations, an appeal to the Nevada Supreme Court, a first federal district court action that was also appealed to the Ninth Circuit, and this current second federal district court action. (*See*

Mot. Vexatious Litigants 2:20–12:3); (*see also supra* Part I).  Duke Partners also asserts that Plaintiffs "have a lengthy history of using the justice system to harass the parties that oppose them." (*Id.* 12:6–6).  Duke Partners provides numerous exhibits of harassing letters from Plaintiffs (Exs. 25, 28–35 Mot. Vexatious Litigants, ECF Nos. 60-25, 60-28–60-35), along with Affidavits by Casey J. Nelson and Bradley G. Sims, attorneys from Hutchison & Steffen, LLC who represent Duke Partners, further describing Plaintiffs' harassment toward them (*see* Exs. 27, 36 to Mot. Vexatious Litigants, ECF Nos. 60-27, 60-36).  Plaintiffs' Response fails to address the allegations, but rather, it continues to assert Plaintiffs' belief that their rights have been violated. (*See* Pls.' Resp. to Mot. Vexatious Litigants, ECF No. 62).

In considering the factors here, first the litigants' history of litigation with regard to the Property extends to several cases in both the Nevada state courts and the federal courts.  While the litigants are pro se, and perhaps they have a subjective belief that they will prevail, the Court cannot find that Plaintiffs have an *objective* good faith expectation of prevailing based on the previous dismissals by prior courts considering their case.  Specifically, after the Nevada State Court found that Chase was the current beneficiary on the deed of trust, Plaintiffs claims to the contrary are now "patently without merit." *See Moy*, 906 F.2d at 470.  As to the fourth factor of the litigants causing needless expense to other parties and posing an unnecessary burden on the Court, this factor weighs heavily in favor of declaring Plaintiffs to be vexatious litigants.  Plaintiffs filed two emergency motions, which the Court denied, and then filed for reconsideration of both of the Court's Orders, along with a frivolous Motion for Default Judgment, two Motions for Summary Judgment, and numerous other filings to which Defendants have been required to respond.

The Court finds that Plaintiffs should be declared vexatious litigants in regard to Defendants (including prior defendants from Plaintiffs' first case in federal district court) and the matters alleged in this case.  Plaintiffs shall be permanently enjoined from filing any further

actions or motions in this case or another case against Defendants relating to the Property without first obtaining leave of the Court. The Court finds that this sanction is adequate to protect all parties. The Court cautions Plaintiffs that violation of this Order or harassment of Defendants on these adjudicated claims may result in monetary sanctions, including attorney's fees, pursuant to Federal Rule of Civil Procedure 11.[8]

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Defendants' Motions to Dismiss (ECF Nos. 12, 14) are **GRANTED**. Plaintiffs' claims are dismissed with prejudice.

**IT IS FURTHER ORDERED** that Defendant Duke Partners' Motion for Vexatious Litigant (ECF No. 60) is **GRANTED**, to the extent consistent with this Order. Plaintiffs Ronald and Jann Williams are hereby declared **VEXATIOUS LITIGANTS** and are **PERMANENTLY ENJOINED** from filing any further actions against the following parties relating to the subject Property without first obtaining leave of Court: National Default Servicing Corporation, Michael A Bosco, Wendy Van Luven, Carmen Navejas, Duke Partners II, LLC, JPMorgan Chase Bank, N.A., Chase Home Finance, LLC, California Reconveyance Company, Cooper Castle Law Firm, David Sanders, and Lisa Tuck.

**IT IS FURTHER ORDERED** that Plaintiffs' Motions to Reconsider (ECF Nos. 56, 72) are **DENIED**.

---

[8] Duke Partners also seeks sanctions against Plaintiffs "for filing a frivolous case and to deter the Plaintiffs from filing any further cases." (Mot. Sanction 1:19–20, ECF No. 42). The Court is not inclined to levy monetary sanctions against a pro se party without prior notice. The Court finds the imposition of the "vexatious litigant" label and the restriction herein to be sufficient to protect Defendants from further litigation on these issues by Plaintiffs. Accordingly, Duke Partners' Motion for Sanctions (ECF No. 42) is denied.

Similarly, Duke Partners' Ex Parte Motion for TRO is denied without prejudice as moot. As this Order resolves Plaintiffs' claims, the Court finds that the need for a TRO has been eliminated. However, the Court will deny this motion without prejudice, and should Plaintiffs continue to harass Defendants, Plaintiffs are now on notice that monetary sanctions may be levied against them.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

     **IT IS FURTHER ORDERED** that Defendant Duke Partners' Motion for Sanctions (ECF No. 42) and Emergency Ex Parte Motion for TRO (ECF No. 75) are **DENIED without prejudice**.

     **IT IS FURTHER ORDERED** that all other pending motions are **DENIED as moot**. The Clerk of Court shall enter judgment accordingly and close the case.

     **DATED** this __10__ day of January, 2017.

_____
Gloria M. Navarro, Chief Judge
United States District Court